IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH
CAROLINA CHARLOTTE DIVISION
CIVIL ACTION NO: 3:16-CV-091-RJC-DCK

| | |
|---|---|
| FELICIA WATTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CONSENT PROTECTIVE ORDER** |
| ) | |
| CHARLOTTE-MECKLENBURG ) | |
| BOARD OF EDUCATION, and ) | |
| PROJECT L.I.F.T., ) | |
| ) | |
| Defendants. ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and N.C. Gen. Stat. §§ 115C-319 and 115C-321 and upon stipulation by the parties, the Court enters the following order:

In the court of this action, Plaintiff may request production of documents and information contained in personnel records concerning current and/or former employees of Defendant Charlotte-Mecklenburg Board of Education ("Defendant") or applicants for employment with Defendant, or Defendant may use such documents and information in its defense.

Portions of such documents and information may be confidential personnel records of local boards of education protected from disclosure under N. C. Gen. Stat. §§ 115C-319 and 115C-321, except under circumstances not applicable here.

The parties have an interest in limiting disclosure of the records and information for any purposes other than the litigation process of this case.

Documents and information have been and will be sought, produced or exhibited by and among the parties to the above-captioned case, which documents and information include certain materials designated as confidential ("Confidential Materials") that may be produced or otherwise disclosed during the course of this lawsuit.

IT IS HEREBY ORDERED THAT:

1. <u>Confidential Personnel Information</u> – "Confidential Personnel Information" of current and former employees of Defendant and applicants for employment with Defendant (who are not plaintiffs in this litigation) includes personnel file information as defined in N.C. Gen. Stat. § 115C-319, and includes information which concerns or relates to an individual's application, selection or non-selection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions, termination of employment, grievances, complaints, any EEOC or discrimination matters, human resources and other investigations, and similar information and documents, wherever located and in whatever form. Confidential Personnel Information may be located in, but not limited to, the following documents or materials: (i) personnel files, (ii) interview files and the information contained therein, (iii) supervisory notes and documentation, (iv) any other similar documents, (v) medical records or other health-related information; and (vi) financial records related to Plaintiff.

2. <u>Designation as Confidential</u>. Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such

information, or other materials as set forth in this Order. Confidential Personnel Information may be designated as "Confidential." Such designation shall be made at the time the information in produced or furnished, or at a later time as provided herein.

3. <u>Procedure for Designating Information as Confidential. Parties may designate Confidential Materials in the following manner:</u>

    (a)    In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method that will make the word conspicuous;

    (b)    In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential"; or

    (c)    In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Materials, counsel for that party should indicate in a clear fashion the portion of the document or testimony that is intended to be designated as confidential.

4. <u>Restricted Use of Information</u>.

(a) Documents/information designated as "Confidential" pursuant to this Protective Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

    (i) the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

    (ii) counsel for the parties, their staff members, their professional and paraprofessional employees;

    (iii) any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

    (iv) the parties to this litigation, including officers or managers of a party who have a need to know the information for purposes of this litigation; or

    (v) by mutual consent.

(b) Documents produced pursuant to this Protective Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or court personnel. Specifically, use of Confidential Material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without

further order of the Court, express agreement by both parties, or pursuant to a subpoena.

(c) Nothing in this Order is intended to interfere with an individual's right to examine his/her own personnel file and the right of Defendant and its designated representative(s) from examining personnel information to the extent permitted by law.

5. <u>Acknowledgment</u>. All persons to whom Confidential Material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Material pursuant to paragraph 4 of this Order have knowledge of the terms of this Order.

6. <u>Inadvertent Disclosure</u>. In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents again, with the "Confidential" designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced.

7. <u>Use of Confidential Materials in this Case</u>. Nothing in this Order shall prevent or impair the use by a party of Confidential Materials as set forth in paragraphs 1-3 of this Order in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. To the extent any Confidential Material is filed with the

Court, counsel filing the Confidential Material shall file it under seal in accordance with the applicable local rule(s).

8. <u>Right to Object</u>. Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to Confidential Material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

9. <u>Ultimate Disposition of Confidential Information</u>. The ultimate disposition of all Confidential Materials protected by this Protective Order shall be made subject to a final order entered by this Court upon the completion of litigation.

10. <u>Protection of Copies</u>. All copies, extracts or summaries prepared from Confidential Materials produced hereunder shall be subject to the same terms of this Order as the Confidential Material from which such copies, extracts or summaries were prepared, if properly designated.

NOW, THEREFORE, IT IS HEREBY ORDERED for good cause shown and with the consent of the parties that the discovery of protected personnel records and other information shall be had only upon the following terms and conditions:

1. All information and documents from protected personnel records concerning current and/or former employees of Defendant and applicants for employment with Defendant, and other confidential records and information identified in Paragraph 1 herein above ("Confidential Personnel Information"), produced by the parties shall be

treated as confidential and shall not be disclosed for any purpose other than the proceedings in this litigation.

    2. The parties may only disclose such confidential records and information to:

        a)     the court and its employees;

        b)     the court reporters or stenographers engaged in taking deposition testimony or other discovery in this litigation;

        c)     counsel for the parties of this litigation, including necessary secretarial, paralegal and clerical personnel assisting such counsel and representatives or agents of counsel;

        d)     consultants or experts retained for purposes of this litigation;

        e)     any claims adjusters or related persons assigned to the claim including their necessary secretarial, paralegal and clerical personnel assisting such adjusters;

        f)     any mediator, or members of his or her staff, who become involved in this action; and

        g)     witnesses to whom it is necessary to disclose such information and records in preparation or presentation of their testimony.

    3. All such persons to whom confidential information and records are disclosed shall be informed of this Consent Protective Order and shall be bound by its terms and conditions.

    4. No copies of any confidential document shall be made except as is necessary for the preparation and hearing of this case.

5. At the conclusion of this litigation, all copies of confidential documents shall be returned to the respective parties of this case.

6. By consenting to this protective order, the parties do not waive any objections that the information and documents from protected personnel records concerning current and/or former state employees are subject to the attorney-client privilege, the work product protection, or irrelevant to any party's claim or defense within the meaning of Fed. R. Civ. P 26(b).

**IT IS SO ORDERED.**

Signed: May 3, 2016

David C. Keesler
United States Magistrate Judge