# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-091-RJC-DCK

| | |
|---|---|
| **FELICIA WATTS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **CHARLOTTE-MECKLENBURG BOARD** ) | |
| **OF EDUCATION, and PROJECT L.I.F.T.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Compel Discovery" (Document No. 8) and the "Joint Motion For Extension Of Time And For Continuance" (Document No. 13). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and are ripe for disposition. Having carefully considered the motions and the record, the undersigned will grant the motions.

## BACKGROUND

Felicia Watts ("Plaintiff" or "Watts") initiated this action with the filing of a "Complaint" (Document No. 1-1) in the Superior Court of Mecklenburg County, North Carolina, Case No. 15-CVS-18291, on October 2, 2015. The original Complaint only asserted a cause of action for wrongful termination in violation of North Carolina public policy. (Document No. 1-1, p.15). Plaintiff then filed a "First Amended Complaint" (Document No. 1-2) on or about January 25, 2016. The "First Amended Complaint" asserts a claim for wrongful termination, as well as a claim for age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., (the "ADEA"), against the Charlotte Mecklenburg Board of Education and Project L.I.F.T. (Document No. 1-1).

On February 2, 2016, the Superior Court dismissed the wrongful termination claim against Defendant Charlotte-Mecklenburg Board of Education with prejudice, stating that "the only cause of action, wrongful termination in violation of public policy, is barred by governmental immunity." (Document No. 1-3, p.2). It does not appear that the Superior Court considered the later filed claim for violation of the ADEA.

Based on the ADEA claim, and within thirty (30) days of receiving the "First Amended Complaint," Defendant Charlotte-Mecklenburg Board of Education ("Defendant") filed its "Notice Of Removal" (Document No. 1) to this Court on February 24, 2016. The "Answer Of Defendant Charlotte-Mecklenburg Board Of Education" (Document 2) was filed on March 2, 2016. In the "Answer…," Defendant notes that the claim of wrongful termination was dismissed with prejudice by the Mecklenburg County Superior Court on February 2, 2016. (Document No. 2, p.7).

The parties' "Certification And Report Of Initial Attorneys' Conference And Discovery Plan" (Document No. 3) was filed on April 12, 2016. In that Report, it is noted that

> Plaintiff will attempt to serve Defendant Project L.I.F.T. within the next 10 days, and may request modification of the proposed deadlines if effective in serving. Defendant's position, as Plaintiff understands it, is that Project L.I.F.T. is not a legal entity subject to suit.

(Document No 3, p.2, n.1). On April 22, 2016, the "Pretrial Order And Case Management Plan" (Document No. 4) was issued by the Honorable Robert J. Conrad, Jr. In pertinent part, the "…Case Management Order" set the following deadlines: discovery completion – September 16, 2016; mediation report – September 30, 2016; dispositive motions – October 14, 2016; and trial – January 9, 2017. (Document No. 4). To date, there is no indication that Defendant Project L.I.F.T. has been served in this action.

2

"Defendant's Motion To Compel Discovery" (Document No. 8) and "Memorandum In Support…" (Document No. 9) were filed on August 3, 2016. "Plaintiff's Memorandum In Opposition To Defendant's Motion To Compel" was filed August 18, 2016; and the "Reply In Support Of Defendant's Motion…" (Document No. 11) was filed on August 29, 2016.

On September 16, 2016, the parties filed a "Joint Motion For Extension Of Time And For Continuance" (Document No. 13).

The pending motions are ripe for review and disposition.

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial

discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).  A party's failure to provide or permit discovery may result in sanctions including the following:  reasonable expenses caused by the failure;  default judgment against the disobedient party;  or treating as contempt of court the failure to obey any order.  See Fed.R.Civ.P. 37(b) - (d).

## DISCUSSION

By the instant motion, Defendant asserts that it served its "…First Set Of Interrogatories To Plaintiff" (Document No. 1, pp.4-30) and "…First Request For Production Of Documents To Plaintiff" (Document No. 8-1, pp.32-42) on May 10, 2016.  (Document No. 8).  Defendant contends that responses to its discovery requests were due by June 9, 2016;  however, Defendant allowed Plaintiff a 15-day extension of time to respond.  (Document No. 8, p.1).  According to Defendant, Plaintiff still failed to provide timely responses by June 24, 2016, and then later only provided an incomplete and unlabeled set of documents without written responses sometime after July 14, 2016.  Id.;  see also (Document No. 9).  As of the filing of the instant motion, Defendant contends that Plaintiff had failed to provide any responses to its "…First Set Of Interrogatories…." (Document No. 8, pp.1-2)

"Plaintiff's Memorandum In Opposition…" states that "Plaintiff has now served written responses to Defendant's Interrogatories and First Request for Production of Documents" and requests that the motion be denied.  (Document No. 10).  Plaintiff further "apologizes for the delay in responding," which she states was "caused by a onset of work in other litigation and non-litigation matters."  Id.  Plaintiff also asserts that she supplemented her document production with additional financial information on August 15, 2016.  Id.

In reply, Defendant contends that Plaintiff *first* served written responses to the "…First Set Of Interrogatories To Plaintiff" (Document No. 1, pp.4-30) and the "…First Request For Production Of Documents To Plaintiff" (Document No. 8-1, pp.32-42) on August 18, 2016 – the same day Plaintiff filed her response to the pending motion to compel. (Document No. 11, p.1). Defendant further asserts that "[i]t appears . . . that Plaintiff has not provided full and complete responses to Defendant's discovery." (Document No. 11, pp.1-2). Defendant notes, by way of example, that it has requested tax returns for the years 2011 through 2015, but Plaintiff produced no documents for 2011 and 2012, despite having suggested that all documents have been provided. (Document No. 11, p.2, n.1). Defendant goes on to state that it will confer with Plaintiff and attempt to resolve the remaining discovery issues "without further Court intervention," and/or discuss various missing documents during Plaintiff's deposition on August 31, 2016. (Document No. 11, p.2).

Based on the parties' suggestions that their discovery dispute may have been resolved, the undersigned's staff contacted the parties' counsel to confirm the status of the dispute. The parties' responses indicate that the parties continue to work toward resolution, but have not reached an agreement yet. It is unclear what specific requests / issues remain in contention.

Based on the parties' papers, there appears to be no dispute that most of Plaintiff's discovery responses were untimely, and not provided until after the motion to compel was filed. (Document Nos. 8, 9, 10, and 11). Moreover, it does not appear that Plaintiff has stated any objection to the discovery requests, or any excuse for the delays other than personal inconvenience. (Document No. 10). Finally, Defendant asserts that Plaintiff's responses are still incomplete, but Defendant fails to fully describe their deficiency. (Document No. 11).

After careful consideration of the parties' briefs and the record, the undersigned finds good cause to grant "Defendant's Motion To Compel Discovery" (Document No. 8). As such, Plaintiff shall provide full and complete responses to Defendant's discovery requests on or before **September 23, 2016**. Plaintiff's further failure to promptly complete discovery and/or abide the Court's Orders will likely result in sanctions. See Fed.R.Civ.P. 37(b) - (d).

In addition, the undersigned notes that the Court was advised via email on or about September 8, 2016, that Defendant's counsel, Margaret Mary Manos, would no longer be representing Defendant after September 9, 2016. No motion to withdraw has been filed. However, on September 15, 2016, Christopher Z. Campbell of the law firm Campbell Shatley, PLLC, filed a "Notice Of Appearance (Substitution of Counsel)" (Document No. 12).

In light of the appearance of new counsel for Defendant, the Court will allow the "Joint Motion For Extension Of Time…" with modification, as set forth below.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Compel Discovery" (Document No. 8) is **GRANTED**, as described herein.

**IT IS FURTHER ORDERED** that Plaintiff shall **SHOW CAUSE** on or before **September 30, 2016,** why Project L.I.F.T. should not be dismissed from this action. In the alternative, Plaintiff, after conferring with Defendant, may request leave to file a "Second Amended Complaint" to reflect the proper claims and parties in this action, and attaching any appropriate EEOC documents, on or before **September 30, 2016**.

**IT IS FURTHER ORDERED** that the "Joint Motion For Extension Of Time And For Continuance" (Document No. 13) is **GRANTED, with modification**. The case deadlines are set

as follows: discovery completion – **October 14, 2016**; mediation report – **October 21, 2016**; dispositive motions – **November 4, 2016**; trial – **January 9, 2017**.

**SO ORDERED**.

Signed: September 16, 2016

David C. Keesler
United States Magistrate Judge